UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS

KEITH RENE PALMER                            NO.: 98-00004-BAJ

## RULING AND ORDER

Before the Court is a **Motion to Correct and Modification of Sentence (Doc. 65)** filed by Defendant, Keith Rene Palmer, requesting that the Court run his federal sentence concurrent to any state sentence imposed in *State of Louisiana v. Palmer*, No. 1-98-605, *writ denied* 2001-2284 (La. 8/30/02), 832 So. 2d 936. For the following reasons, the motion is **DENIED**.

## I. BACKGROUND

Defendant initially faced a one-count indictment for being a felon in possession of a firearm in violation of 18 U.S.C. 922(g)(1). (Doc. 1). While on release after his initial appearance, Defendant allegedly shot a man and injured a four-year-old boy. (Doc. 23 at p. 1). The East Baton Rouge Parish Sherriff's Office subsequently arrested Defendant on two charges of attempted first-degree murder. (*Id.*).

Thereafter, Defendant pleaded guilty to a three-count superseding indictment (Docs. 25 & 55), pursuant to a written plea agreement, (Doc. 55). After a sentencing hearing (Doc. 58), the Court entered judgment, (Doc. 61). For Count I, receipt of a firearm by an indicted person, Defendant Received 60 months of imprisonment. (*Id.* at p. 2–3). For Count II, possession of a firearm by a convicted felon, the Court

1

sentenced Plaintiff to 120 months of imprisonment. (*Id.*). For Count III, possession of a firearm of a convicted felon, the Court sentenced Defendant to 55 months of imprisonment. (*Id.*). The Court indicated that the sentences for Counts I and II were to be served concurrently, while the sentence for Count III was to be served consecutively. (*Id.* at p. 2). The Court was silent concerning whether the sentences were to run consecutive or concurrent to any state sentence.

Defendant, who is currently in state custody, filed the instant motion, requesting that the Court clarify that his federal sentence run concurrent to any sentence he served under Louisiana law. (Doc. 65).

## II. DISCUSSION

The Court must deny Defendant's motion because it is without jurisdiction to hear his claim. Relief is not available under Federal Rule of Criminal Procedure 35, which allows for a clarification of sentence only "[w]ithin 14 days after sentencing." *See also United States v. Olarte-Rojas*, 820 F.3d 798, 804 (5th Cir. 2016) (holding that Rule 35 should be used only in limited circumstances). Essentially, Defendant is requesting credit for time served while in state custody. However, the Bureau of Prisons ("BOP") must make the initial determination of any credit that Defendant will receive for time served. *See United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992). After the BOP makes its determination, Defendant must first exhaust administrative remedies with the BOP before seeking judicial review through a writ of habeas corpus.[1] *See United States v. Setser*, 607 F.3d 128, 133 (5th Cir. 2010).

---

[1] The Court does not construe Defendant's motion as a petition for habeas corpus under 18 U.S.C. § 2255, which would require the Court to notify Defendant that he would be restricted when filing a

2

Defendant is still in state custody. Therefore, BOP has not performed its initial calculation, and Defendant has not exhausted his administrative remedies.

Alternatively, the Court finds that Plaintiff's federal sentence was to run consecutive to any state sentence imposed. The Court did not indicate whether the sentence was to run consecutive or concurrent to any state sentence, but "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). Therefore, if a district court is silent concerning whether a sentence is consecutive or concurrent, "the statutory presumption is that th[e] sentence [runs] consecutively." *United States v. Candia*, 454 F.3d 468, 475 (5th Cir. 2006). A district court can impose a sentence to run consecutively, even when the state sentence has not yet been imposed. *See Setser v. United States*, 566 U.S. 231, 244 (2012).

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion (Doc. 65) is **DENIED**.

Baton Rouge, Louisiana, this 2nd day of May, 2018.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

"second or successive" § 2255 motion and provide him with an opportunity to withdraw the motion. *See Castro v. United States*, 540 U.S. 375, 383 (2003).