UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| KEITH RENE PALMER | NO. 98-00004-BAJ |

RULING AND ORDER

Before the Court is Petitioner's *pro se* **Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody. (Doc. 70)**.

Petitioner seeks to vacate his conviction and sentence under 28 U.S.C. § 2255. (Doc. 70). The Government opposes Petitioner's Motion. (Doc. 76). For the reasons below, Petitioner's Motion is **DENIED**.

I. BACKGROUND

In 1998, Petitioner initially faced a one-count Indictment for possessing a firearm as a convicted felon. (Doc. 1; Doc. 66). The next month, while on pretrial release after his initial appearance, he shot and injured two individuals. (Doc. 66 at 1).

Petitioner pleaded guilty in federal court to a three-count Superseding Indictment for one count of unlawful receipt of a firearm by an indicted person and two counts of possession of a firearm by a convicted felon. (*Id.*). In 1998, he was sentenced to 175 months of imprisonment. (*Id.* at 1–2). The Court was silent as to whether his federal sentences were to run consecutive or concurrent to any state

sentence. (*Id.* at 2). Petitioner did not appeal from the judgment of conviction. (Doc. 70 at 2).

Petitioner was also prosecuted in state court for the shootings. In 2000, he was found guilty in the Nineteenth Judicial District Court for the Parish of East Baton Rouge of two counts of attempted first degree murder and one count of felon in possession of a firearm. *Palmer v. Cain*, No. CIVA 07-708-C, 2008 WL 2536097, at *1 (M.D. La. June 24, 2008). He was sentenced in state court to 50 years of imprisonment for the attempted murder charges and 15 years of imprisonment for the felon in possession of a firearm count. (*Id.*).

Petitioner was first committed to state custody. (Doc. 66 at 2). In 2022, after completing his state sentence, he was transferred to federal custody to serve his federal sentence. (Doc. 76-1 at 2).

In 2017, Petitioner filed a *pro se* motion to correct and modify his sentence. (Doc. 65). In his motion, Petitioner asked the Court to run his federal sentence concurrent to his state sentence. (*Id.* at 1). The Court denied Petitioner's request, finding that his federal sentence was meant to run consecutively with any state sentence. (Doc. 66 at 3). The Court reasoned that, at federal sentencing, the Court did not indicate whether the sentence was to run consecutive or concurrent to any state sentence, and "if a district court is silent concerning whether a sentence is consecutive or concurrent, 'the statutory presumption is that th[e] sentence [runs] consecutively.'" (*Id.* (citing *United States v. Candia*, 454 F.3d 468, 475

(5th Cir. 2006))).

Petitioner again filed a *pro se* motion to run his federal sentence concurrent to his completed state sentence, to grant him home confinement, and to grant him compassionate release. (Doc. 68). A Ruling on the Motion is forthcoming.

Then, Petitioner filed the instant motion to vacate his conviction and sentence under 28 U.S.C. § 2255. (Doc. 70). Because Petitioner's Motion is untimely and procedurally barred, the Court will deny Petitioner's Motion.

## II. LAW AND ANALYSIS

### A. Standard

Section 2255 is designed to remedy constitutional errors and other injuries that could not be brought on direct appeal, and that would result in injustice if left unaddressed. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Specifically, the statute sets forth four grounds upon which relief may be granted: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Hill v. United States*, 368 U.S. 424, 426–27 (1962). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing." 28 U.S.C. § 2255(b).

A petitioner seeking relief under section 2255 must plead sufficient facts to

3

establish a prima facie case of a constitutional violation. *United States v. Woods*, 870 F.2d 285, 287 (5th Cir. 1989). "[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Id.* at 288 n.3.

Finally, and importantly, the petitioner must show "actual prejudice" resulting from a constitutional violation in order to warrant relief. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). "Actual prejudice" occurs when the constitutional error "had substantial and injurious effect or influence" on the outcome of the proceeding. *See id.* (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)).

Section 2255 motions must follow strict timeliness and procedural requirements. With respect to timeliness, relief under Section 2255 is subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). A Section 2255 motion must be brought one year after "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). A conviction is final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987). There are four exceptions that allow a petitioner to file a Section 2255 motion after the one-year final judgment deadline has passed; the only relevant exception here is that a petitioner can file a Section 2255 motion one year from the date on which he could have discovered new evidence supporting his claims of an unconstitutional sentence. 28 U.S.C. § 2255(f)(4) (A petitioner can file a motion one year from "the date on which the facts supporting the claim or claims presented

4

could have been discovered through the exercise of due diligence."). The Supreme Court has explained that "diligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize" that he should act. *Johnson v. United States*, 544 U.S. 295, 308 (2005).

Section 2255 is also subject to strict procedural requirements. A collateral challenge may not do service for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982). Instead, "Section 2255 provides recourse only for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994) (internal quotations omitted). A petitioner "may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (citing *Frady*, 456 U.S. at 168). The cause and actual prejudice standard presents a significantly higher hurdle than the plain error standard that courts apply on direct appeal. *Frady*, 456 U.S. at 166.

### B. Discussion

In the Motion, Petitioner raises three reasons as to why his sentence should be vacated, set aside, or corrected: (1) his federal sentence actually began in 1998 when he was in the custody of the United States Marshal for one day to attend his sentencing hearing; (2) he was sentenced to three Section 922 charges, which he

claims exceeds the statutory maximum; and (3) his 175 month term of imprisonment lies outside the sentencing guidelines.

The Court need not address the merits of Petitioner's arguments, however, because the Motion is untimely and procedurally barred. The Motion is untimely because Petitioner brought the Motion after the statute of limitations expired. The Motion is procedurally barred because Petitioner did not raise his claims on direct appeal. The Court will address each defect in turn.

### 1. Petitioner's Section 2255 Motion is Untimely.

First, Petitioner's Motion is untimely because he filed the Motion more than one year after his conviction became final. 28 U.S.C. § 2255(f). Petitioner's conviction became final in 1998, so the latest Petitioner could have brought this Motion was in 1999. *Id.*; FED. R. APP. P. 4(b)(1). But Petitioner did not initiate these proceedings until 2023, well beyond the statute of limitations set forth in Section 2255(f).

Petitioner appears to invoke the Section 2255(f)(4) exception to the one-year statute of limitations, which would allow him to bring the Motion if there existed any newly discoverable evidence indicating that his sentence was imposed in violation of the Constitution. 28 U.S.C. § 2255(f)(4). Petitioner states that he "just became aware that [his] federal sentence was not over with, on 4-7-2022, and just learned of these new facts pertaining to [his] case." (Doc. 70 at 11). However, in its 2018 Ruling, the Court expressly informed Petitioner that his "federal sentence was to run consecutive to any state sentence imposed." (Doc. 66 at 3). Assuming *arguendo* that Petitioner's

6

realization was sufficient to satisfy the Section 2255(f)(4) exception, the latest Petitioner could have brought this immediate motion was 2019, one year after the Court's 2018 Ruling. Because Petitioner waited until 2023 to bring his Section 2255 Motion, his Motion is **DENIED** as untimely.

### 2. The Claims in Petitioner's Section 2255 Motion are Procedurally Defaulted.

Second, the claims raised in Petitioner's Motion are procedurally defaulted because Petitioner did not raise his claims on direct appeal before bringing this collateral attack. Petitioner also does not meet the strict 'cause and actual prejudice' exception to a procedural default. The exception applies when, for example, a petitioner establishes actual innocence or the ineffective assistance of appellate counsel. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). In explaining why he did not raise his claims on appeal, Petitioner merely states that he only recently became aware that his federal sentence began in 2022. (Doc. 70 at 5, 6, 8). Without further expounding upon why he did not raise his issues on appeal or showing that he suffered an actual prejudice from a constitutional error, the Court must conclude that Petitioner fails to meet the rigorous strict 'cause and actual prejudice' exception to a procedural default. Therefore, in addition to his Motion being untimely, the claims in Petitioner's Section 2255 Motion are procedurally defaulted. Petitioner's Motion is **DENIED.**

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Petitioner's **Motion Under 28 U.SC. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 70)** be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 5th day of March, 2026

_____
**BRIAN A. JACKSON, JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**